The exemption of the bonds from taxation as provided in Sec. 2 of the act is supported by the case of *Chester County* v. *White*, 70 S. C., 443, 50 S. E., 28.

MR. JUSTICE WOODS. I concur in the result. It clearly appears from the opinions of Justices Gary and Jones, the validity of the statute now in question, authorizing the issue of bonds, does not depend on any right of the General Assembly to decide for itself what legislation is forbidden by the constitutional provision "Where a general law can be made applicable, no special law shall be enacted." For this reason I reserve my opinion on this important point.

---

6573

### SHEPPARD v. JONES.

LIMITATION OF ESTATES.—Upon devise of land to my grandchildren A. B. and C., "and unto the survivors or survivor of them and unto their heirs, and the heirs of the survivors and heirs of the survivor of them, forever, share and share alike. * * * It being my will that if either of said children should die leaving no lawful issue living, then the property herein mentioned shall vest in the survivors and their heirs in equal shares. And if two of said children should die leaving no lawful issue living then the whole of the property herein mentioned shall vest in the survivor and his or her heirs and assigns forever;" and upon death of A. without issue; partition between B. and C. by Court; deed of B. conveying all her interest by expectancy or otherwise to C.; a fee simple deed by C. carries to the purchaser an indefeasible fee simple title.

Before PRINCE, J., Edgefield, April, 1907. Affirmed.

Action by Adrienne D. Sheppard against B. L. Jones. The Circuit decree is:

"This is an action for the specific performance of a contract for the sale of land, and has been heard by me at chambers by the consent in writing of the parties.

"By the complaint it is alleged that heretofore Mrs. Lucy H. Pickens died leaving her will duly executed and admitted to probate; that in and by the third clause of the will the testatrix devised all of her real estate (except a small portion not involved in this action) to her three grandchildren, to wit: the plaintiff, her sister, Lucy Pickens Dugas, and her brother, Lewis Alexander Dugas; that her brother died before testatrix, during his infancy, and upon his death all of his interest in the real estate mentioned in the will vested in the plaintiff and her sister Lucy; that when she attained unto the age of twenty-one years, Lucy instituted her action in the Court of Common Pleas for a partition of all of said real estate between her and the plaintiff; and that such proceedings were had in such action for partition as resulted in the division of the real estate between them, the portion allotted in the said proceedings to the plaintiff being the subject of this action; that on the 18th day of May, 1906, the plaintiff made an agreement in writing with the defendant, whereby she agreed to convey to the defendant the real estate which was set apart to her in and by the said proceedings at and for the sum of eight thousand eight hundred and fifty dollars ($8,850.00); and by said agreement the defendant was to pay for said tract of land as therein stipulated; that pursuant to said agreement the defendant went into possession of said real estate and enjoyed the rents and profits thereof for the year 1906, and has rented the same for the present year; that the defendant paid the interest on the purchase price as stipulated in the articles of agreement; that after the partition proceedings had been concluded, her sister Lucy executed and delivered to her her deed, and thereby conveyed to the plaintiff all and singular any interest that she might have by way of expectancy or otherwise in the tract of land that was set apart to the plaintiff by said partition proceedings, and

which plaintiff has agreed to sell to the defendant; and on the same day, in consideration of the deed so executed by Lucy to the plaintiff, the plaintiff made and executed a deed to Lucy of all her interest in the tract of land that was so set apart to Lucy in said partition proceedings; that when the plaintiff attained unto the age of twenty-one years, on the 4th day of April, 1907, she ratified and confirmed the agreement in writing between herself and the defendant, and on the same day the defendant paid to her the interest on the purchase money due at said date; that on the 16th day of April, 1907, and after the execution and delivery by Lucy of her deed to all and singular her interest in the tract so set apart to the plaintiff, and which the plaintiff agreed to sell to this defendant, and which the defendant agreed to purchase from the plaintiff, the plaintiff duly tendered to the defendant a deed to all and singular the land mentioned and described in the agreement, with covenant of general warranty; and that the defendant refused to accept said deed on the ground that the title of the plaintiff to the real estate is defective. The defendant by his answer admits all of the allegations of the complaint, except the allegation that the title so tendered by the plaintiff to him is good and sufficient to convey the said premises to him and to his heirs and assigns forever, the defendant submitting that under the will of Mrs. Pickens the plaintiff had only a life estate, 'and at her death the property therein described shall vest in her children.'

"This question depends upon the construction of paragraph three of the will of Mrs. Pickens. In and by said paragraph the testatrix provides as follows:

" 'Third. Since the death of my dutiful and devoted daughter, Douschka, her little children constitute the remaining objects of my earthly solicitude; to make provision for their education and comfortable support is the controlling desire of my heart. I, therefore, devise unto my said grandchildren, viz: Lucy Frances Pickens Dugas, Louis Alexander Dugas, and Adrienne Dorothea Rebecca

Dugas, and unto the survivors, and survivor of them, and unto their heirs, and the heirs of the survivors, and heirs of the survivor of them, forever, share and share alike, all and singular my real estate of every kind and description whatsoever and wheresoever situate, and all and singular the personal property mentioned in the next preceding paragraph hereof as useful for agricultural purposes, and in said article excepted from the bequest therein made to my two granddaughters. It being my will that if either of said children should die leaving no lawful issue living, then the property therein mentioned shall vest in the survivors and their heirs in equal shares; and if two of said children should die, each leaving no lawful issue living, then the whole of the property herein mentioned shall vest in the survivor, and his or her heirs and assigns forever.'

"In my judgment the plaintiff is now the owner of an indefeasable fee in the real estate described, and that the title so tendered by the plaintiff to the defendant is good and sufficient, and that he should receive the same and comply with his part of the agreement.

"This conclusion may be sustained either under the limitations prescribed in the will of Mrs. Pickens, or, if not by the limitations of the will alone, certainly so by the conveyance to her by her sister in connection with the provisions of the will; and if either view is correct, the conclusion announced will stand. The first inquiry then is what was the intention of the testatrix.

"The testatrix explained her intention as follows:

" 'It being my will that if either of said children should die, leaving no lawful issue living, then the property herein mentioned shall vest in the survivors and their heirs in equal shares; and if two of said children should die, each leaving no lawful issue living, then the whole of the property herein mentioned shall vest in the survivor, and his or her heirs and assigns forever.'

"Let it be observed that there is no life estate here between the death of the testatrix and said children as to their

interest; but the devise is direct from the testatrix to the grandchildren. Let it be observed further, as stated in *Durant* against *Nash,* that these grandchildren of the testatrix were the primary objects of her bounty; and in that case under those circumstances the Court said: "The children of the testator were the primary objects of his bounty, and we must suppose that it was his purpose to give them the full enjoyment of the property devised to them, and that it should be theirs, rather than it should be tied up for an indefinite period for the benefit of collateral relations. * * * And, besides, the law favors an early vesting of estates, and abhors perpetuities, restrictions and hindrances to the enjoyment of property.'

"'As a general rule, words of survivorship are to be referred to the period of division and enjoyment.' 6 Richardson's Equity, page No. 83.

"I see no reason here for any departure from that rule. As stated by the Court, in the case of *Reams* against *Spann,* 26 South Carolina, at page No. 564: 'The real inquiry is, what was the intention of the testatrix?' And this must be ascertained from the language which she has used, read in the light of the surrounding circumstances, where the meaning of the language is obscure or doubtful, guided by such rules of law as experience has shown to be useful in ascertaining the intention. The language used by the testatrix in this case is as follows: "The whole of my real estate I wish to be divided between my six children first above named. * * * Should any of my children die leaving no child or children, the property herein given I wish divided among my surviving children." Now, the primary purpose indicated by this language, unquestionably, is that a certain thing, 'the whole of my real estate,' is to be divided among certain persons designated by name, 'my six children first above named;' and as this language is found in a will, which is written for the purpose of directing what disposition is to be made of the person's property at the death of such person, it is equally clear that the testatrix intended that this

division should be made at her death, inasmuch as she has not indicated any other period at which it should be made. Having thus expressed her primary purpose, it would very naturally occur to her that this purpose, which she then had in her mind, might be defeated by the death of some one or more of the persons whom she had designated as entitled to share in such division before the period arrived when it was to be made, and hence the transition to a provision for such contingency, expressed in the most appropriate language: "Should any of my children die leaving no child or children, the property herein given I wish divided among my surviving children," meaning that my first wish is that at my death all my real estate shall be equally divided among my six children, naming them; but as one or more of the six may die leaving no child before the time for such division arrives, I, in that event, wish the said property to be divided among those of the six who may then be living.'

"The limitations in that will are very indentical with the limitations here, and there the Court held that the children of testatrix who were living at the time of her death took absolute estates in their respective shares of the real estate of the testatrix. If the case of *Reams* against *Spann* is insufficient, or from any point of view inadequate to sustain that conclusion, I cannot doubt that the case of *Durant* against *Nash,* in 30 South Carolina, at page No. 184, will remove any doubt that may remain after the application of the principles stated in *Reams* against *Spann*. In support of my conclusion that the plaintiff under this will is entitled to an indefeasable fee in the real estate assigned to her thereunder, I am willing to rest upon the authority of these two cases.

"But let us for a moment consider if it be possible, as has been suggested, that the plaintiff's fee may be defeated by the possible condition that some time in the future she may die leaving no children, and that thereupon her interest in the land will vest in Lucy.

"For the purposes of the argument, it might be conceded that there might be such possibility, but for the fact that Lucy has already conveyed to the plaintiff any possible interest that she has at the present, or may have in the future, in the lands in question. If Lucy has by possibility under the will such an interest in the plaintiff's share, it is by reason of the principle, that the devise of a fee to one, with the limitation over to another by way of executory devise, thus mounting a fee upon a fee; but if such were the case here, a deed by both would be as effective to convey the entire estate as a deed by one is sufficient when only one is interested. The principle is undeniable, and in no case has been questioned, that where a fee by way of executory devise is mounted upon a 'fee,' the conveyance of both would bar the contingent right 'of the survivor.' *Andrews* against *Roy,* 12 Richardson's Law, page 543.

"I, therefore, hold that the deed tendered by plaintiff to the defendant, with covenant of general warranty, is good and sufficient to convey the entire estate to the defendant."

From this decree defendant appeals.

*Mr. J. W. Thurmond,* for appellant, cites: Code 1902, 2483; 25 S. C., 292; 2 Rich. Eq., 464; 22 Ency., 514-5; 109 Ind., 159; 6 Mem., 470.

*Messrs. Sheppard Bros.,* contra, cite: 30 S. C., 184; 26 S. C., 561; 6 Rich. Eq., 83; 73 S. C., 469; 5 Rich. Eq., 529; 1 Hill Ch., 311.

July 3, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. For the reasons therein stated the decree of the Circuit Court is affirmed.